1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES C. MAXEY,                         No.  2:14-cv-133-JAM-EFB PS

12              Plaintiff,

13       v.

14   CALIFORNIA STATE BAR
     ASSOCIATION,
15
                Defendant.
16

17   JAMES C. MAXEY,                         No.  2:14-cv-134-JAM-EFB PS

18              Plaintiff,

19       v.

20   FEDERAL BUREAU OF
     INVESTIGATION,
21
                Defendant.
22

23   JAMES C. MAXEY,                         No.  2:14-cv-135-KJM-KJN PS

24              Plaintiff,

25       v.

26   JANET SCULLY,

27                Defendant.

28

                                    1

1

2    JAMES C. MAXEY,                           No.  2:14-cv-136-MCE-CKD PS

                Plaintiff,

3

         v.

4

    ARNOLD SCHWARZENEGGER,

5

                Defendant.

6

7    JAMES C. MAXEY,                           No.  2:14-cv-137-MCE-DAD PS

8                Plaintiff,

9         v.

10    GEORGE W. BUSH,

11                Defendant.

12

13    JAMES C. MAXEY,                           No.  2:14-cv-138-TLN-AC PS

14                Plaintiff,

15         v.

16    HALLIBURTON U.S.A., INC.,

17                Defendant.

18    JAMES C. MAXEY,                           No.  2:14-cv-139-KJM-KJN PS

19                Plaintiff,

20         v.

21    ELLY WILLERUP,

22                Defendant.

23

24    /////

25    /////

26    /////

27    /////

28    /////

2

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-140-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| GERMANY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-141-GEB-CKD PS |
| Plaintiff, | |
| v. | |
| CALIFORNIA TEACHERS ASSOCIATION, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-142-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| DAVID STERN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-143-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO KINGS (N.B.A.) INC., | |
| Defendant. | |

/////

/////

/////

/////

/////

3

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-144-JAM-AC PS |
| Plaintiff, | |
| v. | |
| INDIA, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-145-JAM-CKD PS |
| Plaintiff, | |
| v. | |
| SIEMENS U.S.A., INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-146-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO COUNTY DEPUTY SHERIFF'S ASSOCIATION, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-147-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| CALIFORNIA STATE FIREFIGHTERS ASSOCIATION, | |
| Defendant. | |

/////

/////

/////

/////

4

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-149-LKK-CKD PS |
| Plaintiff, | |
| v. | |
| RICHARD CHENEY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-150-MCE-CKD PS |
| Plaintiff, | |
| v. | |
| EDMUND G. BROWN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-151-KJM-KJN PS |
| Plaintiff, | |
| v. | |
| KAMALA HARRIS, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-152-GEB-AC PS |
| Plaintiff, | |
| v. | |
| ERIC HOLDER, | |
| Defendant. | |

/////

/////

/////

/////

/////

5

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-164-JAM-EFB PS |
| Plaintiff, | |
| v. | |
| FOX BUSINESS CHANNEL, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-165-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| ENGLAND, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-166-KJM-CKD PS |
| Plaintiff, | |
| v. | |
| SPAIN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-167-MCE-AC PS |
| Plaintiff, | |
| v. | |
| FRANCE, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-168-MCE-AC PS |
| Plaintiff, | |
| v. | |
| FOX NEWS CHANNEL, | |
| Defendant. | |

6

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-169-MCE-AC PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO BEE, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-170-JAM-CKD PS |
| Plaintiff, | |
| v. | |
| RUPPERT MURDOCH, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-171-GEB-DAD PS |
| Plaintiff, | |
| v. | |
| CATHERINE AND SOPHIE BUTCHER, | |
| Defendants. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-172-LKK-AC PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

/////

/////

/////

/////

/////

7

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-173-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| ROBERT MUELLER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-174-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| JERRY ZANELLI, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-175-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| BUZZ OATES, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-176-LKK-EFB PS |
| Plaintiff, | |
| v. | |
| THEODORE GAINES, | |
| Defendant. | |

/////

/////

/////

/////

/////

8

JAMES C. MAXEY,                                     No.  2:14-cv-177-TLN- DAD PS

          Plaintiff,

     v.

CALIFORNIA PUBLIC EMPLOYMENT
RELATIONS BOARD,

          Defendant.

JAMES C. MAXEY,                                     No.  2:14-cv-178-JAM-CKD PS

          Plaintiff,

     v.

MARK STAWICKI,

          Defendant.

JAMES C. MAXEY,                                     No.  2:14-cv-179-MCE-KJN PS

          Plaintiff,

     v.

CALIFORNIA NURSES (UNION)
ASSOCIATION,

          Defendant.

JAMES C. MAXEY,                                     No.  2:14-cv-180-MCE-CKD PS

          Plaintiff,

     v.

QUEEN ELIZABETH, et al.,

          Defendants.

/////

/////

/////

/////

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-181-MCE-EFB PS |
| Plaintiff, | |
| v. | |
| VALERIE BUTCHER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-182-LKK-KJN PS |
| Plaintiff, | |
| v. | |
| DANIEL LUNDGREN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-183-GEB-AC PS |
| Plaintiff, | |
| v. | |
| JOHN BUTCHER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-184-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| EMILY F. COX, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-185-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| CRAIG BUTCHER, | |
| Defendant. | |

1    JAMES C. MAXEY,                              No.  2:14-cv-187-KJM-DAD PS

2                   Plaintiff,

3          v.

4    PETER REYNAUD,

5                   Defendant.

6

7    JAMES C. MAXEY,                              No.  2:14-cv-188-KJM-EFB PS

                    Plaintiff,
8
           v.
9
     MARCUS ZIEMER,
10
                    Defendant.
11

12   JAMES C. MAXEY,                              No.  2:14-cv-189-KJM-AC PS

13                  Plaintiff,

14         v.

15   MATHEW BARNES,

16                  Defendant.

17

18   JAMES C. MAXEY,                              No.  2:14-cv-190-JAM-DAD PS

19                  Plaintiff,

20         v.

21   PATRICIA STAINES,

22                  Defendant.

23
     JAMES C. MAXEY,                              No.  2:14-cv-191-JAM-EFB PS
24
                    Plaintiff,
25
           v.
26
     SCREEN ACTORS GUILD ASSN.,
27
                    Defendant.
28

                                            11

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-192-MCE-KJN PS |
| Plaintiff, | |
| v. | |
| ITALY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-193-GEB-EFB PS |
| Plaintiff, | |
| v. | |
| A.R.C.O. GASOLINE STATIONS, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-194-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| ENTERCOM, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-195-JAM-AC PS |
| Plaintiff, | |
| v. | |
| CHEVRON STATIONS, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-197-TLN-CKD PS |
| Plaintiff, | |
| v. | |
| GARY MESSING, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-198-KJM-CKD PS |
| Plaintiff, | |
| v. | |
| CRESTVIEW VILLAGE APARTMENTS, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-199-LKK-DAD PS |
| Plaintiff, | |
| v. | |
| BUZZ OATES CONSTRUCTION, INC., | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-200-MCE-AC PS |
| Plaintiff, | |
| v. | |
| PHILLIP WRIGHT, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-201-JAM-AC PS |
| Plaintiff, | |
| v. | |
| JENNIFER SILVA, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-202-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| ROGER NIELLO, | |
| Defendant. | |

13

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-203-GEB-EFB PS |
| Plaintiff, | |
| v. | |
| KARLA LaCAYO, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-204-GEB-KJN PS |
| Plaintiff, | |
| v. | |
| RUPINA MANN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-205-TLN-CKD PS |
| Plaintiff, | |
| v. | |
| CHRISTINA MENDONSA, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-207-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| VALERO GASOLINE STATIONS, INC., | |
| Defendant. | |

/////

/////

/////

/////

/////

14

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-208-MCE-CKD PS |
| Plaintiff, | |
| v. | RELATED CASE ORDER AND |
| HERITAGE OAKS HOSPITAL, INC., | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Examination of the above-entitled actions reveals that the actions are related within the meaning of E.D. Cal. Local Rule 123.  The actions involve similar claims and similar questions of fact and law, and would therefore entail a substantial duplication of labor if heard by different judges.  *See*  E.D. Cal. L.R. 123(a).  Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rules 123 merely has the result that both actions are assigned to the same judge and magistrate judge; no consolidation of the actions is affected.

A.      Motions to Proceed *In Forma Pauperis*

In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*, plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the requests to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

B.      Screening of Plaintiff's Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

/////

15

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

17   "requires a complaint to include a short and plain statement of the claim showing that the pleader

18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

19   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

20   *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    The complaints filed in the above-entitled actions are almost identical, containing only

22   minor differences in each case.  In each complaint, plaintiff alleges that the action arises from

23   "plaintiff being deprived the most basic rights guaranteed by the California and United States

24   Constitution and statutory law."  Plaintiff alleges that he is a resident of Carmichael, California,

25   and that he is unemployed and disabled due to the actions of the named defendant.  Plaintiff

26   alleges that venue is appropriate in this district for each case because "numerous acts,

27   transactions, wrongs, and breaches of contract give rise to violations of civil and criminal law

28   described in this complaint [which] occurred within this county, state and other states."

16

1      Each complaint also contains a section entitled "Allegations Applicable to All Causes of

2  Action."  This section consists of boilerplate created by plaintiff wherein he leaves blanks to later

3  fill in.  This section appears in each complaint as follows:

4      The plaintiff, James C. Maxey, suffered injury due to the actions of the [space provided
      for plaintiff to inserts the names of individuals or companies] on, or about [space where
5      plaintiff inserts a date].  The plaintiff's injuries were caused by [blank space where
      plaintiff identifies different parties or companies] associates affiliated [another blank
6      space, often filled in with "The Republican Party"].

7

8      In some of his complaints, plaintiff adds another sentence to the allegation section, which

9  provides, "From September 2001 through the present time, the plaintiff was fraudulently

10  misrepresented as being associated with Osama Bin Laden."

11      All complaints further allege that "defendants have harassed, intimidated, coerced,

12  blackmailed, physically assaulted, falsely arrested, falsely convicted and falsely imprisoned the

13  plaintiff as part of an illegal conspiracy to suppress his rights under the U.S. Constitution."  Each

14  complaint also requests, among other things, that the court issue an order requiring the City of

15  Sacramento to "delay any planning or construction of any downtown sports arena, until the City

16  Council legally litigates . . . James C. Maxey v. Sacramento Kings (NBA) Inc."  In many of his

17  complaints, plaintiff requests one billion dollars in damages for his injuries.

18  Apart from the sheer number of complaints filed by plaintiff, his complaints name many different

19  defendants who--as best as can be gleaned from the complaints--appear to have nothing to do

20  with plaintiff, including the Country of Germany, Queen Elizabeth II, Dick Cheney, Eric Holder,

21  George Bush, Chevron Gas Stations, and the California Teachers Associations, just to name a

22  few.  Plaintiff's allegations include conclusory and unexplained assertions that the defendants in

23  each case blackmailed, falsely imprisoned, and physically assaulted him.  However, the complaint

24  does not contain specific factual allegations showing any particular cause of action as to any

25  particular defendant.  Nor does the complaint show how this court would have subject matter

26  jurisdiction over any such claim.  Given the failure of the complaint to establish or even suggest a

27  legally cognizable claim, the court finds that all of plaintiff's above captioned complaints are

28  frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the

1   "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

2   factual contentions are clearly baseless," which includes "claims describing fantastic or

3   delusional scenarios."). Accordingly, the all of the above-entitled actions must be dismissed

4   without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448

5   (9th Cir. 1987 (While the court ordinarily would permit a pro se plaintiff to amend, leave to

6   amend should not be granted where it appears amendment would be futile).

7         Accordingly, it is hereby ORDERED that:

8         1. The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge

9   Brennan for all further proceedings.

10         2. Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled

11   actions, are granted subject to the recommendation below.

12         3. The Clerk is directed to file a copy of this order and findings and recommendations in

13   the above-entitled cases.

14         Further, it is RECOMMENDED that:

15         1. Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to

16   amend; and

17         2. The Clerk be directed to close the above-entitled cases.

18         These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties. Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

23   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

24   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25   DATED: January 27, 2014.

26

27         EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE

28